IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Tonya Wagner, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04cv125 |
| | ) | |
| v. | ) | |
| | ) | |
| Bismarck Parks & Recreation District and | ) | |
| Bismarck Public School District and Poly | ) | |
| Enterprises, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

On October 12, 2004, plaintiff Tonya Wagner (hereinafter "Wagner") commenced this action against Bismarck Parks & Recreation District and Bismarck Public School District (hereinafter "Bismarck defendants") to recover damages for personal injuries sustained during a league volleyball game organized by the Bismarck Parks & Recreation District. Wagner alleges Bismarck defendants improperly maintained the playing surface condition and boundary markers.[1] Before the court is Bismarck defendants' Motion for Summary Judgment (Doc. #24). For the following reasons, Bismarck defendants' motion is **GRANTED**. Wagner's claims against Bismarck defendants are **DISMISSED**.

---

[1] On December 30, 2005, Wagner amended her complaint to include Poly Enterprises as a defendant, claiming Poly Enterprises negligently, wrongfully, and in disregard for participant safety, improperly designed, manufactured, produced and supplied the boundary markers.

1

Brief Factual Background

Wagner alleges she injured her knee when a boundary marker slipped out from under her, causing her to fall.  She played in a volleyball league organized by the Bismarck Parks & Recreation District for three years;  the accident occurred in her second year of playing in the Simle Middle School building.  The Simle Middle School gym floor is wood construction.  Bismarck Public School District purchased the boundary markers from a sporting goods supplier in 1992, and Bismarck defendants have used them as they were intended on the volleyball playing surface at the Simle Middle School gym during physical education classes and recreational league volleyball.  The boundary markers are bright orange strips, made of molded vinyl, 11 3/4  inches long, 2 ½  inches wide and less than 1/4 inch thick.

Wagner alleges Bismarck defendants knew, or should have known,  the boundary marker was dangerous and that putting the boundary marker on a wood surface was negligent.  Bismarck defendants deny knowledge of any alleged defect in the boundary marker.

Summary Judgment Standard

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is "material" if it might affect the outcome of a case, and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).

In presenting a motion for summary judgment, the moving party has the initial burden of presenting a prima facie showing of an absence of material facts through affidavits, documents,

or other pleadings on file with the court. Celotex, 477 U.S. at 322-23. Such a showing shifts to the non-movant the burden to go beyond the pleadings and present affirmative evidence showing that a genuine issue of material fact exists. Anderson, 477 U.S. at 256-57. The non-movant "must show there is sufficient evidence to support a jury verdict in [his] favor." Nat'l Bank of Commerce v. Dow Chem. Co., 165 F.3d 602, 607 (8th Cir. 1999). The court views the facts and the inferences to be drawn from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Discussion

1. Wagner cannot maintain a products liability action against Bismarck defendants.

Bismarck defendants argue they cannot be held liable for the actions of Poly Enterprises, the manufacturer of the boundary markers. The court agrees. Wagner's allegation that the boundary markers are an unsafe product and should not be used for volleyball on gym floors is a product liability claim brought because of an allegedly defective product. N.D. Cent. Code section 28-01.3-06 provides:

> **Determination of defective product.** No product may be considered to have a defect or to be in a defective condition, unless at the time the product was sold by the manufacturer or other initial seller, there was a defect or defective condition in the product which made the product unreasonably dangerous to the user or consumer.

N.D. Cent. Code § 28-01.3-06 (1993) (emphasis added). Bismarck Public School District purchased the boundary markers and both Bismarck defendants used them, they did not manufacture them. North Dakota statutes do not contemplate a product liability action against a purchaser or user of the product. Accordingly, Wagner's claim against Bismarck defendants must fail.

3

   2.   <u>Wagner has failed to establish Bismarck defendants were negligent in the use of the boundary markers.</u>

Wagner asserts that "[t]here is a factual dispute regarding an element of negligence, specifically whether the Bismarck Defendants knew or should have known that the movement of the boundary markers created a risk for the Plaintiff." <u>Plaintiff's Response to Defendants' Bismarck Parks & Recreation District and Bismarck Public School District's Motion for Summary Judgment</u>, at 6.  Bismarck defendants argue "Wagner has brought forward no evidence to establish that Bismarck had any notice or should have known of a defect in the boundary markers prior to the accident." <u>Defendants Bismarck Parks & Recreation District and Bismarck Public School District's Brief in Support of Motion for Summary Judgment</u>, at 6. After a thorough review of the affidavits and exhibits presented by the parties, the court similarly finds no evidence of negligence.  Specifically, there is nothing to suggest Bismarck defendants knew or should have known the boundary markers might be dangerous when used in the manner for which they are intended.

Wagner's argument that it is just "common sense" that the markers are dangerous flies in the face of her own testimony that it did not occur to her the markers could be dangerous, despite the fact that she had to adjust them when they moved. (Doc. #25, Ex. A, <u>Wagner Depo.</u> p. 50). Wagner admitted she is aware of nothing to suggest Bismarck defendants knew, prior to the accident, that someone could get hurt on the boundary markers. <u>Id.</u>  Nor is she aware of any near accidents or falls from the boundary markers moving under foot.  Finally, Wagner testified, "I personally never thought – I never thought in my mind if anybody stepped on it (the boundary marker), they could get hurt." <u>Id.</u>

4

Numerous people intimately involved in the volleyball league and familiar with the Simle Middle School gym volleyball courts testified they had no knowledge or information the boundary markers created a dangerous playing surface. Randy and Mary Olheiser are the facility managers for league volleyball at Simle Middle School. (Doc. #30, M. Olheiser Aff., ¶ 1, Doc. #31, R. Olheiser Aff., ¶ 1). They are responsible for setting up the courts, taking down all of the equipment and cleaning the gym. (Doc. #30, M. Olheiser Aff., ¶ 2, Doc. #31, R. Olheiser Aff., ¶ 2). The Olheisers never received any complaints regarding the condition of the playing surface or safety of the boundary markers. (Doc. #30, M. Olheiser Aff., ¶ 3, Doc. #31, R. Olheiser Aff., ¶ 3). Janell Campbell, a league referee of two years, officiated the game in which Wagner's accident occurred. (Doc. #29, Campbell Aff., ¶ 1). Ms. Campbell had never received any complaints regarding the safety of the boundary markers or witnessed any potential safety hazards with the markers. (Doc. #29, Campbell Aff., ¶ 3). Fay Wolff, the volleyball official coordinator with Bismarck Parks & Recreation since 2000, has received training in volleyball officiating. (Doc. #26, Wolff Aff., ¶ 1,5). She has observed or officiated volleyball games where the boundary markers were used approximately 24 to 30 times. (Doc. #26, Wolff Aff., ¶ 8). She testified she is not aware of any problems or safety concerns regarding the boundary markers, nor has she observed any player slip and fall due to contact with the boundary markers. (Doc. #26, Wolff Aff., ¶ 10-15). Renae Ball is the Recreation Specialist and has been the administrator and coordinator of the Bismarck Parks & Recreation volleyball league since 2000. (Doc. #27, Ball Aff., ¶ 1-2). She too testified she is not aware of any problems or safety concerns with the boundary markers, nor has she received any complaints regarding the markers. (Doc. #27, Ball Aff., ¶ 6). Ms. Ball testified she has not observed any player slip or fall due to contact with the

boundary markers. (Doc. #27, <u>Ball Aff.</u>, ¶ 9).  Finally, Karen Strand, a physical education instructor at Simle Middle School for the past twenty-seven years and facility manager for the Parks & Recreation volleyball league from 1992 through 2000, testified she has not observed any incidents causing her concern about the safety of the boundary markers.  (Doc. #28, <u>Strand Aff.</u>, ¶ 1-3).  Ms. Strand never received any complaints regarding the markers, nor was she aware of any injuries which were related to the boundary markers.  (Doc. #28, <u>Strand Aff.</u>, ¶3).

      The uncontradicted testimony of these individuals clearly establishes Bismarck defendants had no knowledge or reason to know of an alleged defect in the boundary markers when used for their intended purpose.  Therefore, Wagner's claim of negligence must fail.

3.     <u>Wagner's claim of negligence relating to the playing surface itself must fail.</u>

      Wagner asserts Bismarck defendants' attempt "to separate the boundary markers and the wood floor by identifying the playing surface as referencing only the wood floor" is inaccurate, and that the "playing surface" is the combination of the wood floor and the boundary markers sliding on the wood floor and injuring the Plaintiff.  <u>Plaintiff's Response to Defendants' Bismarck Parks & Recreation District and Bismarck Public School District's Motion for Summary Judgment</u>, at 7-8.  Bismarck defendants assert "[i]t is entirely unclear what specific acts or omissions Wagner claims to be negligent regarding the playing surface." <u>Defendants Bismarck Parks & Recreation District and Bismarck Public School District's Brief in Support of Motion for Summary Judgment</u>, at 10.  The court is similarly having difficulty understanding Wagner's claim relating to the playing surface. Assuming she is claiming the boundary markers on the wood surface created an unreasonably dangerous condition, or that Bismarck defendants knew or should have known the combination amounted to a dangerous playing surface, the court

has previously addressed these claims. The court can surmise no other arguments and hence dismisses this claim against Bismarck defendants as well.

## Conclusion

Bismarck defendants did not manufacture, sell or place the boundary markers in the stream of commerce. Further, there is no evidence to suggest that Bismarck defendants had knowledge of any product recall, or for that matter, reported injuries resulting from the boundary marker's use. To the contrary, the record is replete with statements there were no complaints regarding the safety of the boundary markers as used. Bismarck defendants' lack of notice favors the entry of summary judgment in their favor. Bismarck Parks & Recreation District and Bismarck Public School District's Motion for Summary Judgment (Doc. #24) is **GRANTED.** Judgment shall be entered dismissing plaintiff's complaint and causes of action against them.

Dated this 4th day of August, 2006.

/s/ Karen K. Klein
Karen K. Klein
United States Magistrate Judge